The court of chancery has no inherent original jurisdiction to order the sale of an infant's real estate. (6 Hill, 416.) The authority to direct such sale was first conferred by statute in 1814. This statute was amended in 1815; but for the purpose of determining the question arising in the present case, it will be sufficient to refer only to the provisions of the revised statutes of 1830 relating to that subject, on the construction of which the question depends. Section 175 (2 R.S. 195) authorizes that court to direct a sale of infant's lands when necessary for the maintenance or education of the infant, or when his interest requires or will be substantially promoted by it. Section 180 directs "that no sale made as aforesaid of the real estate of any infant, shall give to such infant any other or greater interest or estate in the proceeds, than he had in the estate so sold; but the said proceeds shall be deemed real estate of the same nature as the property sold." The first branch of this section was intended to protect the interests of those *Page 552 
who might have future estates, vested or contingent, in the land; and has no application to the present case. The latter branch is the part on which the question in this case arises; and that question is, when shall the proceeds of the sale cease to possess the artificial character of real estate impressed upon them by the statute.
The duration of this artificial character is not limited by any express terms contained in the clause which creates it. If that clause is to be literally construed, the personal fund must retain the character of real estate as long as it exists. On that construction, if the bond and mortgage in question had been sold by Charles W. Forman after he attained the age of twenty-one years, it would nevertheless have retained its statutory character of real estate. The statute does not declare that its character may be changed by the act or election of its owner after he arrives at full age; and the idea that his act or election is necessary, or would be effectual for that purpose, is neither expressed nor implied by the language of the enactment. And yet it is not and cannot be contended that its statutory character of real estate is perpetual and immutable. The question then recurs, at what time or on what event is it changed, and when is the fund to assume its natural character of personal estate?
The true answer to the question is, that the proceeds of the sale become divested of their artificial character of real estate as soon as the purposes of the statute in impressing that character upon them are accomplished; and this is when the infant becomes capable of disposing of his own property. The design of the statute was to take care of the infant's interests during his legal incapacity, and no longer. The infant is a ward of the court only during that period. The special guardian is appointed only for that time. The chancellor's power and authority cease with the infant's disability, except for the purpose of taking the guardian's final account; and that power is part of his general jurisdiction, independent of the statute. The trust created by the act, continues only during the infancy; and it would be unreasonable to suppose that the legislature intended that *Page 553 
the fictitious character imposed on the fund, for the purposes of the trust, should remain attached to it after the trust had expired. The statute, by declaring that the proceeds of the sale shall be deemed real estate of the same nature and quality as the property sold, prevents any change in the law of its devolution in case of the infant's death; and the fund, therefore, in such case, goes to his heirs and not to his personal representatives, as it otherwise would. The object of the provision, however, was not to favor the heir against the next of kin; because as between them there is no equity during the life of the owner. But the design was to take away from both classes of representatives all temptation to tamper with the infant's interests, by promoting or opposing a sale, with a view to their own expectations of succeeding to his property in case of his death during the period of his disability to dispose of the land. This reason for the provision ceases with the infant's disability. To prolong the application of the statute to a fund like that in question, beyond that period, would be not only useless, but mischievous. It would give rise to great uncertainty and litigation upon the question how long its statutory character and quality remained, and what acts of the party or other circumstances were necessary or sufficient to give it its natural character and attributes of personal estate.
I am of opinion, that when Charles W. Forman became twenty-one years of age, the bond and mortgage in question became personal property in law, as they were in fact, and that upon his death they went to his next of kin and not to his heirs at law, and that the judgment of the supreme court in general term ought to be affirmed.
Judgment accordingly *Page 554